**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
REMOND DESIR,

                     Plaintiff,

                -against-

WENDELL I. AUSTIN; LOGAN LYNN
WRAY; LYNN TRUCKING,

                   Defendants.
------------------------------------------------------------ x
WENDELL I. AUSTIN; LOGAN LYNN
WRAY; LYNN TRUCKING,

                Third-Party Plaintiffs,

                -against-

REMUSAT CLAUDE THEBAUD; RAY'S
RAPID TRANSPORTING LLC,

              Third-Party Defendants.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**
13-CV-00912 (DLI)(VMS)

**DORA L. IRIZARRY, United States District Judge:**

On April 24, 2015, the Magistrate Judge issued a scheduling order that, *inter alia*, set a deadline of June 8, 2015 for the parties to initiate any summary judgment motion practice in accord with this Court's Individual Practice Rules. Notably, that scheduling order granted the "4th or 5th request for an extension" regarding pretrial deadlines. (*See* Docket Entry No. 28.) The June 8, 2015 deadline having expired, Remusat Claude Thebaud ("Thebaud"), and Ray's Rapid Transporting LLC ("Ray's Transporting," and, together with Thebaud, "Third-Party Defendants") now seek to modify the scheduling order to extend the deadlines for initiating summary judgment motion practice and filing a joint pretrial order ("JPTO"). Third-Party Defendants' application for a modification of the scheduling order is granted in part and denied

in part.

## BACKGROUND

The instant action arises from a motor vehicle collision in Florida involving plaintiff Remond Desir ("Desir") and defendant Wendell I. Austin, who at the time of the accident was operating a vehicle and trailer allegedly owned, respectively, by defendants Logan Lynn Wray and Lynn Trucking. (*See generally* Compl., Docket Entry No. 1.) On August 22, 2013, those three defendants collectively filed a third-party complaint against Ray's Transporting, Desir's employer, and against Thebaud, who allegedly was operating the vehicle in which plaintiff was a passenger when the accident occurred. (*See generally* Third-Party Compl., Docket Entry No. 7.)

Discovery between the parties commenced and several requests were made to the Magistrate Judge to extend the discovery deadlines as well as the deadlines for summary judgment motion practice and the filing of the JPTO. At the close of fact discovery, the Magistrate Judge directed that any motions for summary judgment be initiated by May 1, 2015 through the filing of a premotion conference request letter ("promotion letter") not to exceed three pages, as required under this Court's individual rules. *See* February 3, 2015 Scheduling Order. Due to subsequent extensions to the expert discovery schedule, on April 24, 2015, the Magistrate Judge issued a modified scheduling order extending the deadline for commencement of summary judgment motion practice to June 8, 2015. *See* April 24, 2015 Scheduling Order. That deadline came and passed without any party filing a premotion letter.

Thereafter, on June 24, 2015, Third-Party Defendants filed a motion *ex parte* seeking to extend the expired deadline to initiate summary judgment motion practice to July 31, 2015. (*See* Docket Entry No. 30.) The motion also requested that the July 15, 2015 deadline to file the JPTO order be extended to August 15, 2015. By order dated June 26, 2015, the Court denied

that motion as an improper *ex parte* submission. The same day, Third-Party Defendants refiled their motion on notice to the other parties. (*See* Docket Entry No. 31) On June 29, 2015, the Court granted the motion in part, but directed Third-Party Defendants to file a premotion letter by no later than July 6, 2015. On that date, rather than filing a premotion letter in accordance with the Court's Order, Third-Party Defendants submitted a letter merely reiterating the same request for an extension that they made in their two previous motions. (*See* Docket Entry No. 32.)

## DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure requires a district court to enter a scheduling order that limits the time period for certain actions in a proceeding, including the filing of dispositive motions. Modification of the scheduling order is expressly permitted. However, in recognition of the court's need to enforce its own orders and manage its docket, modification is permissible "only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4); *see also Jackson v. Ramey*, 2010 WL 3761891, at *3 (N.D.N.Y. Sept. 2, 2010), report and recommendation adopted 2010 WL 3761867 (N.D.N.Y. Sept. 20, 2010) ("Cases in this circuit . . . have concluded that [Rule 16(b)] should apply to requests to extend the time to file summary judgment motions beyond a court-imposed deadline, and that a party must, therefore, show 'good cause' to justify such an extension.")

The primary consideration in determining whether a party has shown good cause to modify the scheduling order is "the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). Thus, "good cause" has been described as entailing that "schedul[ed] deadlines cannot be met despite a party's diligence." *Carnrite v. Granada Hosp. Group., Inc.*,

175 F.R.D. 439, 446 (W.D.N.Y. 1997) (citing 6A Wright, Miller & Kane, Fed. Practice and Procedure § 1522.1, at 231 (2nd ed. 1990)). While a court in its discretion may consider other factors, such as prejudice to the non-moving parties, diligence remains the central focus of the court's inquiry. *See, e.g., Armstrong Pump, Inc. v. Hartman*, 2013 WL 6230110, at *5 (W.D.N.Y. Dec. 2, 2013.) ("Thus, diligence is primary . . . under Rule 16 to justify amending the schedule.") (citing *Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013)).

Here, an extension of the summary judgment deadline is not warranted because Third-Party Defendants do not establish good cause for their failure to comply with both the June 8, 2015 deadline set initially by the Court, and the July 6, 2015 deadline set thereafter by the Court. *See Fry v. Hartford Ins. Co.*, 2011 WL 1672474, at *3 (W.D.N.Y. May 3, 2011) (striking summary judgment motion filed beyond the deadline set by scheduling order where no good cause was shown); *see also Jackson v. Goord*, 2013 WL 1560204, at *5-6 (W.D.N.Y. Apr. 10, 2013); *Stover v. Northland Grp., Inc.*, 2007 WL 1360603, at *2-3 (W.D.N.Y. May 8, 2007) (dismissing summary judgment motion filed after deadline where no good cause was shown). Third-Party Defendants initially did not provide any justification for missing the summary judgment deadline. After the Court directed them to do so, their counsel submitted a letter explaining that he was involved in two motor vehicle accidents on consecutive days in early March 2015, which allegedly compromised his full attention to the case. (*See* Docket Entry No. 32.)

Be that as it may, it still does not explain why Third-Party Defendants were unable to make arrangements at any point between March and June 2015 to file a cursory three-page premotion letter with the Court by the June 8, 2015 deadline. Nor does it explain why Third-Party Defendants, after the Court granted them an extension until July 6, 2015 to file such letter,

still failed to do so. Notably, additional deadline extensions had been granted previously by the Magistrate Judge. These failures evince a clear lack of diligence on the part of Third-Party Defendants that precludes a finding of good cause.

The record also demonstrates that Third-Party Defendants have repeatedly failed to comply with this Court's individual rules. For example, requests for extensions are to be made no less than two business days before the deadline at issue. If Third-Party Defendants knew in early March that counsel would need additional time to initiate a summary judgment motion, they could have requested an extension as soon as the Court entered its April 24, 2015 scheduling order, or at any point thereafter up to and including two days business days before the June 8, 2015 deadline. When Third-Party Defendants finally made an application for an extension well after the deadline had already expired, they did so by motion whereas this Court's individual rules require that such requests be made by letter.

Finally, it is noteworthy that the other parties to this action evidently are prepared to move forward with the case, as none of them sought to file a summary judgment motion. Therefore, Third-Party Defendants' late filing of a summary judgment motion would carry with it the prospect of delay and increased litigation costs for those other parties. While they have yet to object to the requested extension, even their consent would not justify modification of the scheduling order in the absence of a demonstration of good cause by Third-Party Defendants. Moreover, even if the potential for delay and increased costs did not cause prejudice to the non-moving parties, a lack of prejudice is not a substitute for the moving party's obligation to demonstrate its own diligence and thereby establish good cause for a modification. *See Gullo*, 540 F. App'x at 45 ("That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence."); *Stover*, 2007 WL 1360603, at *3

("[C]onsiderations such as lack of prejudice to the plaintiff or the purported merits of the summary judgment motion need not be weighed and will not be viewed as substitutes for the failure to demonstrate due diligence."); *Carnrite*, 175 F.R.D. at 446.

Under the circumstances here, modification of the scheduling order to permit Third-Party Defendants to file a summary judgment motion is not warranted. However, because the instant application may have impacted the parties' preparedness to file a JPTO, the Court in its discretion directs the parties to file the JPTO on or before August 15, 2015.

## CONCLUSION

Third-Party Defendants' request for a modification of the scheduling order to permit them to file a summary judgment motion is denied. The request for an extension of the deadline to file a joint pretrial order is granted to the extent that the JPTO is now due on or before August 15, 2015. The parties are admonished to strictly abide by that order and to comply with this Court's individual rules when making any further requests for relief.

SO ORDERED.

Dated: Brooklyn, New York
      July 28, 2015

/s/
DORA L. IRIZARRY
United States District Judge