UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
REMOND DESIR,                                               :
                                                            :
        Plaintiff,                                  :     **MEMORANDUM AND ORDER**
                                                            :
  -against-                                               :     13 CV 912 (VMS)[1]
                                                            :
WENDELL I. AUSTIN, LOGAN LYNN WRAY                          :
and LYNN TRUCKING,                                          :
                                                            :
        Defendants.                                 :
------------------------------------------------------------ X
WENDELL I. AUSTIN, LOGAN LYNN WRAY                          :
and LYNN TRUCKING,                                          :
                                                            :
        Third-party Plaintiffs,                     :
                                                            :
  -against-                                               :
                                                            :
RAY'S RAPID TRANSPORTING LLC and                            :
REMUSAT CLAUDE THEBAUD,                                     :
                                                            :
        Third-party Defendants.                     :
------------------------------------------------------------ X

**VERA M. SCANLON, United States Magistrate Judge:**

      This is a personal-injury action arising out of a motor-vehicle accident and is before this Court on the basis of diversity jurisdiction. Plaintiff Remond Desir ("Plaintiff") seeks leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a). The Amended Complaint seeks to assert a direct claim for negligence against current Third-party Defendant Ray's Rapid Transporting, LLC ("Ray's Rapid"). For the reasons stated herein, Plaintiff's motion for leave to amend the Complaint is **granted insofar as it relates back to the filing of the Third-party Complaint and is thus timely**. Plaintiff's motion to amend the

---

[1]     The parties have consented to my jurisdiction for all purposes. See ECF No. 38.

Complaint remains pending subject to future communication with the Court with regard to Plaintiff's citizenship as explained in detail below.

I. BACKGROUND

a. Procedural History[2]

The instant action arises from a motor-vehicle collision in Florida involving Plaintiff and Defendant Wendell I. Austin ("Austin"), who at the time of the accident was operating a vehicle and trailer owned, respectively, by Defendants Logan Lynn Wray ("Wray") and Lynn Trucking. See Complaint, ECF No. 1. On August 22, 2013, Austin, Wray and Lynn Trucking (collectively, "Defendants," "Third-party Plaintiffs" or "TPPs") filed a Third-party Complaint against Ray's Rapid, Plaintiff's employer, and Remusat Claude Thebaud ("Thebaud") (collectively, "Third-party Defendants" or "TPDs"), who was operating the vehicle in which Plaintiff was a passenger when the accident occurred, alleging comparative negligence and seeking common-law contribution and indemnification. See generally Third-party Complaint, ECF No. 7.

Following discovery, Third-party Defendants Ray's Rapid and Thebaud moved for summary judgment seeking a declaration from the Court that Florida's loss-allocating statute, Fla. Stat. § 768.31 (2015), applied to the contribution and indemnification claims made by Third-party Plaintiffs Austin, Wray and Lynn Trucking and that summary judgment be granted in their favor as a result.[3] See generally ECF Nos. 41-45. For reasons unrelated to the within motion,

---

[2] Facts relating to the procedural history of the case are taken from the docket.

[3] Florida has abolished joint and several liability such that a given defendant can only be liable for her equitable share of liability. See Fla. Stat. § 768.81. Specifically, with respect to negligence actions, "Florida's comparative fault statute states that '[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability.'" Maguire v. Demos, 10 Civ. 782 (SCB), 2012 U.S. Dist. LEXIS 32305, at *5 (M.D. Fla. Mar. 12, 2012) (quoting Fla.

2

Third-party Defendants' motion for summary judgment was denied, but because the parties had been permitted to brief the choice-of-law question as a pre-trial motion in limine, this Court construed Third-party Defendants' motion as such. See generally December 21, 2015 Memorandum and Order ("12/21/15 M&O"), ECF No. 48, p. 9. Third-party Defendants' motion in limine was granted, thus resulting in the finding that Florida's loss-allocating statute applied to Plaintiff's and Defendants/Third-party Plaintiffs' actions. See 12/21/15 M&O, ECF No. 48, p. 19-20. When granting Third-party Defendants' motion in limine, this Court concluded that, at the time of the March 2, 2011 motor vehicle accident, Plaintiff was domiciled in Georgia. See 12/21/15 M&O, ECF No. 48, p. 13-15.

b.  March 2, 2011 Motor-Vehicle Accident

According to Plaintiff, at the time of the motor-vehicle accident, Plaintiff owned Ray's Rapid, a company which transported vehicles to and from car dealerships. See Third Party Plaintiffs' 56.1 Statement, ECF No. 44, Attachment #4 ("TPPs' 56.1") ¶¶ 2-3. In line with his business, Plaintiff hired Thebaud to drive a freightliner truck to transport vehicles from Georgia to Florida. See TPPs' 56.1 ¶ 5. During the drive, Plaintiff—who was a passenger in the freightliner—became tired and went to the sleeper section of the vehicle. See TPPs' 56.1 ¶¶ 6-7. With Plaintiff in the rear, the freightliner truck collided with Austin, who was operating a Mack dump truck owned by his employer, Lynn Trucking, on Interstate 75 in Florida. See Plaintiff's

---

Stat. § 768.81(3) (2011)). "In order to allocate any fault to a non[-]party, a defendant must affirmatively plead this fault and prove it at trial 'by a preponderance of the evidence.'" T & S Enters. Handicap Accessibility, Inc. v. Wink Indus. Maint. & Repair, Inc., 11 So.3d 411, 412 (Fla. 2d DCA 2009) (quoting Fla. Stat. § 768.81(3)(a)). "The current version of § 768.81 has essentially rendered a third-party complaint for contribution in a negligence action obsolete." Maguire, 2012 U.S. Dist. LEXIS 32305, at *5 (citing T & S Enters., 11 So.3d at 413). For all practical purposes, a declaration by the Court that Florida's loss-allocating statute applied to the parties' claims in this litigation rendered Third-party Defendants liability-proof as to the Third-party Plaintiffs.

Proposed Amended Complaint ("PAC"), ECF No. 52, Attachment #1, p. 17 ¶ 13; TPPs' 56.1 ¶¶ 10-12, 15.

In essence, the parties blame one another for the accident. Third-party Defendants and Plaintiff claim that Austin negligently pulled on to the interstate from the shoulder and made contact with the front right corner of Plaintiff and Thebaud's freightliner. See Third-party Defendants' Affirmation in Support, ECF No. 41, Attachment #1 ¶ 23; Plaintiff's Affirmation in Opposition, ECF No. 42 ¶ 7. According to Defendants/Third-party Plaintiffs, the collision was the result of Thebaud rear-ending Austin's vehicle. See TPPs' 56.1 ¶¶ 13-20.

### c. The Proposed Amended Complaint

Plaintiff now seeks leave to file an Amended Complaint which adds a direct claim for negligence against current Third-party Defendant Ray's Rapid.[4] See generally PAC, ECF No. 52, Attachment #1. Stated another way, Plaintiff has moved to amend his Complaint to add Third-party Defendant Ray's Rapid as a direct defendant. Third-party Defendant Ray's Rapid opposes, arguing that Plaintiff's proposed amendment is barred by the applicable statute of limitations and is not saved by the "relation-back" doctrine under Fed. R. Civ. P. 15(c)(1)(C). See Third-party Defendants' Opposition, ECF No. 53, Attachment #1, p. 4.

## II. LEGAL STANDARD

Under Rule 15(a), when a party cannot amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with our strong preference for resolving disputes on the

---

[4] Plaintiff has not requested leave to add a direct claim for negligence against current Third-party Defendant Thebaud.

4

merits." Williams v. Citigroup, Inc., 659 F.3d 208, 212-13 (2d Cir. 2011). In determining whether to grant leave to amend, the Court must accept the moving party's non-conclusory factual pleadings and draw all reasonable inferences in that party's favor, "to determine whether the allegations plausibly give rise to an entitlement to relief." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012).

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); see Absolute Activist Value Master Fund Ltd. v. Ficeto, 677 F.3d 60, 71 (2d Cir. 2012) ("[A] request to replead should be denied in the event that amendment would be futile."). A motion to amend will be considered futile if the Court determines, "as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners, 681 F.3d at 119; see Doyle v. United Airlines, Inc., 914 F. Supp. 2d 325, 333 (E.D.N.Y. 2012) (same).

### III. DISCUSSION

#### A. The Relation-Back Doctrine

Courts may deny a motion to amend where the proposed claims would be time-barred and therefore futile. See Twersky v. Yeshiva Univ., 579 Fed. Appx. 7, 12 (2d Cir. 2014) (summary order) (finding that "the district court correctly concluded that amendment would have been futile" where the proposed amendments involved untimely claims); Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007) (affirming dismissal of claims and denial of cross-motion to amend as to claims that were time-barred). In general, "[t]he date of the filing of the motion to amend is the date the action was commenced for statute of limitations purposes

since the defendant is on notice of the new claims as of the filing of the motion." Lekic v. 222 E. 8th St. LLC, 11 Civ. 1242 (ARR) (MDG), 2012 U.S. Dist. LEXIS 137500, at *11 (E.D.N.Y. Sept. 25, 2012).

Otherwise untimely claims may be permitted under the relation-back doctrine. Pursuant to Fed. R. Civ. P. 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A)-(C).

Under Fed. R. Civ. P. 15(c)(1)(A), "if the applicable statute of limitations is determined by state law . . . courts should assess both the state and federal relation[-]back doctrines and apply whichever law is more generous." Anderson v. City of Mount Vernon, 09 Civ. 7082 (ER) (PED), 2014 U.S. Dist. LEXIS 44055, at *6 (S.D.N.Y. Mar. 28, 2014); see In re Vitamin C Antitrust Litig., 995 F. Supp. 2d 125, 132 (E.D.N.Y. 2014) (same); Amaya v. Garden City Irrigation, Inc., 71 Fed. R. Serv. 3d 137 (E.D.N.Y. 2008) (same). Stated another way, "[u]nder federal law, if a claim 'arises under state law, . . . relation back is to be determined by whichever procedural rule gives the most favorable result to the plaintiff.'" EverHome Mortg. Co. v.

6

Charter Oak Fire Ins. Co., 07 Civ. 98 (RRM) (RML), 2012 U.S. Dist. LEXIS 34516, at *28-29 (E.D.N.Y. Mar. 14, 2012) (quoting Smith v. Rochester Tel. Bus. Mktg. Corp., 786 F. Supp. 293, 309 (W.D.N.Y. 1992), aff'd, 40 F.3d 1236 (2d Cir. 1994)); Pape v. Board of Educ. of Wappingers Central School Dist., 07 Civ. 8828 (KMK), 2009 U.S. Dist. LEXIS 91738, at *41 (S.D.N.Y. 2009); Lieber v. Vill. of Spring Valley, 40 F. Supp. 2d 525, 532 (S.D.N.Y. 1999) ("[I]f a state's rules regarding relation back are less rigorous than the federal rules, state principles apply."); see Da Cruz v. Towmasters of N.J., 217 F.R.D. 126, 129 (E.D.N.Y. 2003) (noting that Fed. R. Civ. P. 15(c)(1)(A) was added to clarify that "where state law governs the statute of limitations, relation back may apply if it would be permissible under state law").

In this case, state law determines the statute of limitations to be applied to Plaintiff's proposed negligence claim—a state law cause of action—against Third-party Defendant Ray's Rapid. Therefore, the Court must assess the availability of the relation-back doctrine under both federal and New York relation-back principles, then apply the more generous of the two. See Pape, 2009 U.S. Dist. LEXIS 91738, at *41.

### B. Statute of Limitations

As jurisdiction in this case is premised upon diversity of citizenship, the choice-of-law rules and statutes of limitations of the state in which this Court sits are applied. See Stuart v. American Cyanamid Co., 158 F.3d 622, 626 (2d Cir. 1998) ("Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations."); see also Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 433 (2d Cir. 2012) ("A federal court sitting in diversity jurisdiction applies the choice of law rules of the forum state."); Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002) ("[I]t is well established that in diversity cases[,] state law governs not

only the limitations period but also the commencement of the limitations period. . . . To determine which state's law applies, a federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits.")

"New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York." Stuart, 158 F.3d at 627. "This general rule, however, is subject to . . . New York's 'borrowing' statute, [N.Y.] C.P.L.R. § 202." Id. New York's "borrowing" statute provides that "[a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply." N.Y. C.P.L.R. § 202. Thus, "[u]nder [N.Y.] C.P.L.R. § 202, when a non[-]resident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." Stuart, 158 F.3d at 627; see Muto v. CBS Corp., 668 F.3d 53, 57 (2d Cir. 2012) (accord); Cantor Fitzgerald, 313 F.3d at 710 (accord). "However, plaintiffs who are residents of the State of New York are 'affected only by the New York limitations period.'" Landow v. Wachovia Secs., LLC, 966 F. Supp. 2d 106, 120 (E.D.N.Y. 2013) (quoting Braniff Airways, Inc. v. Curtiss-Wright Corp., 424 F.2d 427, 428 (2d Cir. 1970)); see Kilmer v. Flocar, Inc., 212 F.R.D. 66, 70 (N.D.N.Y. 2002) ("[W]hile non-New York State residents always face the shorter statute of limitations as between New York and the accrual state, New York State residents are always subject to the New York statute of limitations.")

Here, Plaintiff was a Georgia domiciliary when the cause of action accrued (i.e., March 2, 2011), as this Court has previously found. See 12/21/15 M&O, ECF No. 48, p. 14-15. As such, this Court must apply the shorter limitations period of either: (1) New York, where this Court sits; or (2) Florida, where the cause of action accrued. See Stuart, 158 F.3d at 627. New York applies a three-year statute of limitations for negligence actions, see N.Y. C.P.L.R. § 214, whereas negligence claims are subject to a four-year statute of limitations in Florida, see In re Fosamax Products Liability Litigation, 13 Civ. 6170 (JFK), 2014 U.S. Dist. LEXIS 112779, at *8 (S.D.N.Y. Aug. 13, 2014) ("Under Florida law, negligence claims are subject to a four-year statute of limitations.") (citing Fla. Stat. § 95.11(3)(a)). Accordingly, New York's three-year statute of limitations applies.[5]

### c. Application of Relation-Back Doctrine

The subject motor-vehicle accident occurred on March 2, 2011, and thus, the relevant date for determining whether Plaintiff's direct claim against Third-party Defendants is time-barred is March 2, 2014. Plaintiff first sought leave to amend his Complaint on February 24, 2016, see ECF No. 52, which is otherwise untimely, unless the proposed amendment relates back to Defendants/Third-party Plaintiffs' filing of their Third-party Complaint against Third-party Defendants on August 22, 2013, see Third-party Complaint, ECF No. 7. The Court begins by analyzing the relation-back doctrine under New York state law.

"Under New York law, 'an amendment of the complaint may be permitted, in the court's discretion, and a direct claim asserted against the third-party defendant . . . relates back to the

---

[5] It is worth noting that, even if the Court considered Plaintiff a New York resident—as he advocates—New York's three-year statute of limitations would still apply. See Landow, 966 F. Supp. 2d at 120 ("[P]laintiffs who are residents of the State of New York are 'affected only by the New York limitations period.'") (quoting Braniff Airways, 424 F.2d at 428).

9

date of service of the third-party complaint,' as long as the third-party complaint and proposed amended complaint are based on the same transaction or occurrence." Smith v. Bank of N.Y. Mellon Corp., 09 Civ. 9212 (JGK), 2011 U.S. Dist. LEXIS 44018, at *3 (S.D.N.Y. Apr. 25, 2011) (quoting Duffy v. Horton Mem. Hosp., 488 N.E.2d 820, 823 (1985)); Northbrook Nat'l Ins. Co. v. J & R Vending Corp., 167 F.R.D. 643, 648 (E.D.N.Y. 1996) ("The New York Court of Appeals permits, in the court's discretion, a direct claim by plaintiff against the third-party defendant to relate back to the date of commencement of the third-party action for purposes of computing the Statute of Limitations period where the third-party action is commenced prior to the expiration of the applicable statute of limitations and the direct claim by plaintiff is based on the same transaction or occurrence as the third-party action.").

A review of the New York Court of Appeals' seminal decision in Duffy v Horton Mem. Hosp., 488 N.E.2d 820 (1985), is useful. In Duffy, the plaintiff and her husband filed a medical malpractice action against the defendant hospital alleging that defendants had failed to recognize and diagnose an early stage of the husband's lung cancer. Id. at 821. The defendants brought a timely third-party action against the husband's family physician, who had also treated the husband. Id. Following the expiration of the statute of limitations and the husband's death, the plaintiff sought to amend her complaint to name the family physician as a direct defendant. Id.

When determining whether the plaintiff's direct claim against the third-party family physician was timely, the Court of Appeals discussed the policy underlying the statute of limitations bar:

> A defendant should be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim where the evidence has been lost, memories have faded, and witnesses have disappeared. There is also the need to protect the judicial system from the burden of adjudicating stale and groundless claims.

> An amendment which merely adds a new theory of recovery or defense arising out of a transaction or occurrence already in litigation clearly does not conflict with these policies. A party is likely to have collected and preserved available evidence relating to the entire transaction or occurrence and the defendant's sense of security has already been disturbed by the pending action.

Id. at 822-23 (internal quotations & citations omitted). In holding that the plaintiff's direct claim against the third-party family physician related back to the original third-party complaint pursuant to N.Y. C.P.L.R. 203(e),[6] the Court of Appeals explained that, "where, within the statutory period, a potential defendant is fully aware that a claim is being made against him with respect to the transaction or occurrence involved in the suit, and is, in fact, a participant in the litigation, permitting an amendment to relate back would not necessarily be at odds with the policies underlying the Statute of Limitation," and thus, "[i]n such cases, there is room for the exercise of a sound judicial discretion to determine whether, on the facts, there is any operative prejudice precluding a retroactive amendment." Id. As such, under New York law, a plaintiff can amend his or her complaint to assert a direct claim against a third-party defendant, absent prejudice to that defendant, if the third-party complaint was served within the applicable limitations period "where the third-party complaint and the amended complaint are based on the same transaction or occurrence." Id. at 821.

Here, Plaintiff's direct claim against Third-party Defendant Ray's Rapid arises out of the same transaction or occurrence as the Third-party Complaint, namely the March 2, 2011 motor vehicle accident. See Third-party Complaint, ECF No. 7 ¶¶ 4, 9-10; compare PAC, ECF No. 52, p. 17 ¶¶ 13-14. Third-party Defendant Ray's Rapid did not even argue in its opposition, much

---

[6] N.Y. C.P.L.R. 203(e) was redesignated N.Y. C.P.L.R. 203(f) in 1992.

11

less establish, that it will be prejudiced if Plaintiff's motion is granted,[7] and it is indisputable that it had notice of the claim sought to be interposed, as well as notice of the occurrence upon which those claims are based. Accordingly, Plaintiff's direct claim against Third-party Defendant Ray's Rapid relates back to August 22, 2013, when Ray's Rapid was served as a third-party defendant, and is thus timely. See, e.g., Smith, 2011 U.S. Dist. LEXIS 44018, at *3-4 (finding that the plaintiff's direct claim against a third-party defendant related back to the filing of the third-party complaint pursuant to New York state law and was thus, timely); Deputron v. A & J Tours, Inc., 93 A.D.3d 629, 629-30 (2nd Dep't 2012) (same); Richards v. Passarelli, 77 A.D.3d 903, 905 (2nd Dep't 2010) (affirming the granting of a motion to amend where the third-party corporate defendant, "which had been impleaded as a third-party defendant prior to the expiration of the limitation period applicable to the plaintiff's claim, was fully aware that a claim was being made against it with respect to the plaintiff's accident, and was a participant in the litigation"); Boxhorn v Alliance Imaging, Inc., 74 A.D.3d 1735, 1735-36 (4th Dep't 2010) ("In support of her motion, plaintiff established that the relation-back doctrine applied for purposes of computing the statute of limitations because her claims against the third-party defendants related back to those asserted in the third-party complaint, which was timely served."); Bevilacqua v Bloomberg, L.P., 70 A.D.3d 411, 413-14 (1st Dep't 2010) (holding that, "[b]ecause the second third-party complaint was properly filed and served, plaintiffs' claims against [the third-party defendants], asserted in the amended complaint, relate back, for statute of limitation purposes, to the date of service of the second third-party complaint"); Anderson v. Carney, 161 A.D.2d 1002,

---

[7] In fact, neither Ray's Rapid nor Plaintiff even touched on the applicability (or inapplicability) of the relation-back doctrine under New York law in their respective motion papers. Instead, both parties focused entirely on the impact of the relation-back doctrine under federal law (i.e., Fed. R. Civ. P. 15(c)(1)(C)), which—as explained in footnote 8, infra—need not be considered at this time.

12

1003 (3rd Dep't 1990) (citing Duffy and explaining, "[w]e are instructed that [N.Y. C.P.L.R. 203(f)] is available to add third-party defendants as defendants after the [s]tatute of [l]imitations has run as an application addressed to the sound discretion of the trial court upon a motion to amend the complaint, and requires the court to determine, as a question of fact, whether any prejudice will result from a retroactive amendment").[8]

Therefore, Plaintiff's motion seeking leave to amend the Complaint to assert a negligence claim against Third-party Defendant Ray's Rapid is granted insofar as it relates back to the filing of the Third-party Complaint and is thus, timely.

### D. Effect Of Adding Ray's Rapid On This Court's Subject-Matter Jurisdiction

Although Plaintiff's direct claim against Third-party Defendant Ray's Rapid is permissible under New York's relation-back doctrine, the Court must address the effect of such an amendment, if any, on the Court's subject-matter jurisdiction. Prior to the filing of Plaintiff's motion to amend, the Court requested that the parties additionally brief the question of whether adding Ray's Rapid as a direct defendant would destroy diversity and thus, eliminate this Court's subject-matter jurisdiction. See 12/21/15 M&O, ECF No. 48, p. 21. Plaintiff addressed the issue, albeit extremely briefly, see Plaintiff's Motion to Amend ("Pl's Mot."), ECF No. 52, Attachment #1, p. 11-12, while Third-party Defendants failed entirely to address it, see generally Third-party Defendants' Opposition, ECF No. 53, Attachment #1.

---

[8] Because this Court finds that Plaintiff's Amended Complaint relates back to the filing of the Third-party Complaint under New York state law, the Court need not discuss whether the amendment would also relate back under federal law. See Laureano v. Goord, 2007 U.S. Dist. LEXIS 74754, at *15-16 (S.D.N.Y. Sept. 4, 2007), adopted by 2007 U.S. Dist. LEXIS 72514 (S.D.N.Y. Sept. 28, 2007) ("Whether a claim relates back should be analyzed under both federal and state law, and whichever law that affords a more forgiving principle of relation back should be utilized.") (internal quotations omitted).

13

Plaintiff fleetingly argues that diversity of citizenship will not be destroyed because, at the time the within lawsuit was filed, Plaintiff was a citizen of New York and Ray's Rapid was a citizen of Georgia.  See Pl's Mot., ECF No. 52, Attachment #1, p. 11.  Although it is undisputed that Ray's Rapid is, and has always been, a Georgia citizen, see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated . . . ."), Plaintiff's citizenship—in this Court's view—remains unclear.

According to Plaintiff's Complaint, which was filed in February 2013, and his Proposed Amended Complaint, which was filed in February 2016, Plaintiff resides in New York.  See Complaint, ECF No. 1 ¶ 1; PAC, ECF No. 52, Attachment #1, p. 15 ¶ 1.  Plaintiff likewise filed an affidavit in support of his motion seeking leave to amend, which was notarized on January 26, 2016, in which he similarly claims to reside in New York.  See Plaintiff's Affidavit, ECF No. 52, p. 5 ¶ 1.  Nonetheless, for reasons which will not be repeated herein, this Court previously concluded that Plaintiff was a Georgia domiciliary as of at least March 2011.  See 12/21/15 M&O, ECF No. 48, p. 13-15.  More significantly, pursuant to this Court's inquiry into publically available Georgia records, in 2012, 2015 and 2016, Plaintiff filed with the Georgia Secretary of State[9] an annual registration on behalf of Ray's Rapid as the corporation's registered agent, which appears to indicate that Plaintiff resides in Georgia.[10]  Notably, Ray's Rapid's 2016 annual registration was filed on February 3, 2016, just eight (8) days after Plaintiff's affidavit in support of his motion seeking leave to amend was notarized.

---

9     See https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1263586&businessType=Domestic%20Limited%20Liability%20Company (last visited April 20, 2016).

10     According to the Georgia Secretary of State's website, an annual registration was filed on behalf of Ray's Rapid in 2013, although the document is inaccessible.  Along the same vein, a document appearing to dissolve the corporation was filed in 2014, although it is unclear who filed the document or its legal effect.

Further complicating the issue is a change in the relevant time frame. For purposes of the choice-of-law analysis conducted earlier in this litigation, the Court was required to determine the parties' domiciles as of the time of the motor-vehicle accident (i.e., March 1, 2011). See Youngman v. Robert Bosch LLC, 923 F. Supp. 2d 411, 420 (E.D.N.Y. 2013). For purposes of diversity, however, the Court must determine the parties' domiciles as of the filing of the Proposed Amended Complaint. See Chen v. Sun, 13 Civ. 280 (ALC) (KNF), 2016 U.S. Dist. LEXIS 7253, at *3 (S.D.N.Y. Jan. 21, 2016) ("While the existence of jurisdiction ordinarily depends on the facts as they existed when the complaint was filed, 'when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.'") (quoting Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007)). At this point, the Court is unable to determine Plaintiff's citizenship as of February 2016 (i.e., when Plaintiff sought leave to amend the Complaint), particularly against the backdrop of the conflicting evidence available to the Court.[11]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend the Complaint is **granted insofar as it relates back to the filing of the Third-party Complaint and is thus timely** but remains pending subject to future communication with the Court with regard to Plaintiff's citizenship.

In light of the above, a status conference is scheduled for **May 17, 2016 at 5:00 p.m.** The parties should be prepared to discuss the following: (1) Plaintiff's citizenship for diversity

---

[11] Assuming for a moment that this Court ultimately concludes that Plaintiff is a Georgia domiciliary for diversity purposes, Plaintiff's assertion of a direct claim for negligence against Ray's Rapid would destroy diversity. See Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships.").

15

purposes; (2) what information, if any, need be exchanged by the parties to determine Plaintiff's citizenship during the relevant time frame; and (3) whether Plaintiff's negligence claim against the current Defendants and/or Ray's Rapid could be timely filed in state court in New York, Georgia or other jurisdictions in the event this Court dismisses the action due to a loss of subject-matter jurisdiction.

In addition, though not explicitly briefed by the parties, there has been suggestion by both Plaintiff and Third-party Defendants in their respective motion papers of a possible declaratory judgment action. Accordingly, counsel should also be prepared to discuss this topic.

Dated: Brooklyn, New York
April 27, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge